

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00241-CR

ROBERT DALE KNOOP, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Hemphill County, Texas
Trial Court No. 2506, Honorable Steven Ray Emmert, Presiding

July 9, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Robert Dale Knoop, Jr., pled guilty to and was convicted of the offense of driving while intoxicated. On January 24, 2002, appellant was sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of fifteen years, and a $500 fine. Appellant timely filed a notice of appeal of this conviction and was appointed counsel. After appointed counsel filed a motion to withdraw supported by an *Anders* brief, *see Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), this Court independently examined the record

and, agreeing with counsel's assessment that there were no arguable grounds that might support the appeal, granted counsel's motion to withdraw and affirmed the trial court's judgment. *See Knoop v. State*, No. 07-02-00199-CR, 2002 Tex. App. LEXIS 8037, at *2 (Tex. App.—Amarillo Nov. 8, 2002, pet. ref'd). Following refusal of appellant's petition for discretionary review by the Texas Court of Criminal Appeals, mandate was issued on May 7, 2003. This Court's plenary power expired 60 days after judgment. TEX. R. APP. P. 19.1(a).

As appellant has been previously informed on two separate occasions, this Court does not have jurisdiction over appellant's attempted appeal. *See Knoop v. State*, No. 07-15-00057-CR, 2015 Tex. App. LEXIS 1610 (Tex. App.—Amarillo Feb. 18, 2015, no pet.) (per curiam) (mem. op., not designated for publication); *Knoop v. State*, No. 07-14-00380-CR, 2014 Tex. App. LEXIS 11587 (Tex. App.—Amarillo Oct. 21, 2014, no pet.) (per curiam) (mem. op., not designated for publication). Because this Court is without plenary power over this appeal, no further action may be taken by this Court in this proceeding and the appeal is hereby dismissed.[1]

Per Curiam

Do not publish.

---

[1] Appellant's attempt to appeal contends that, since the time of his conviction and sentencing, one of the prior convictions used to enhance the punishment range for his DWI conviction has been vacated. While this is not an issue that can be addressed in this cause due to this Court's lack of jurisdiction, appellant may be able to obtain recourse by filing a petition for writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014).